McBRIDE, Judge.
Plaintiff, American Sugar Refining Company, has appealed from a judgment dismissing its suit against defendant, W. L. Richeson & Sons, Inc.
The petition alleges that on or about November 22, 1946, there were discharged from the S.S. Coastal Observer onto the First Street dock in the City of New Orleans, 3443 bags of sugar belonging to plaintiff, and that defendant, on or about said date, by verbal contract, undertook, for a stipulated price, to load plaintiff’s sugar into railroad cars and to consign the same to plaintiff at its Chalmette refinery. It is further averred that when the cars reached plaintiff’s refinery there was a shortage of 57 bags of sugar, and by this suit plaintiff seeks to recover from defendant the sum of $1215.24, the alleged value thereof.
The defendant admits that it had agreed to provide freight cars and the labor to load the sugar belonging to American Sugar Refining Company, which was to be discharged from the steamship, but averred that under the agreement it was obligated to load into the cars only that sugar pointed out to it and identified as belonging to plaintiff. Defendant contends that all of its obligations under the agreement were completely fulfilled.
The record discloses that on or about November 22, 1946, the vessel was scheduled to berth at the First Street wharf and discharge a cargo of raw sugar, which came from the same point of origin, a portion of which was consigned to the American Sugar Refining Company. The District Freight Agent of plaintiff called defendant’s office and advised defendant as to the “approximate” amount of sugar expected, and requested defendant to perform the usual and customary car-loading service, which consists of arranging for freight cars and the necessary labor at the whai'f *447 to 'load the raw sugar into the cars; and consigning them to plaintiff’s refinery. The arrangement was identical with previous transactions between the parties.
The vessel arrived on schedule, and its cargo was discharged onto the First Street wharf. Only a relatively small amount of the cargo belonged to plaintiff — the major portion was owned by and'consigned to another sugar refinery.
The prevailing procedure in handling raw sugar at this port is shown by the evidence. The bags are taken from the vessel by stevedores by means of slings, are conveyed in hand trucks to the public weigher’s scales, and are then wheeled away in the hand trucks and stacked by the stevedores on the wharf wherever there is room. After the bags are thus stacked on the wharf, the car-loading contractor picks them up and places them in freight cars which have been secured and spotted on the wharf, and the cars are then consigned to the owner of the sugar.
The evidence shows that there were no identifying marks on the bags by which it was possible to determine to whom any particular bag of sugar belonged. At the particular time when the cargo was unloaded from the S.S. Coastal Observer, the wharf was in a highly congested state, this condition resulting from the fact that the vessel carried more than 20,000 bags of sugar, and besides that belonging to plaintiff, there were some 17,000 bags in the shipment consigned to another refinery.
Plaintiff’s witnesses admitted that defendant could not identify, through any markings on the bags, which sugar it should handle for the plaintiff, and that someone had to point out to defendant which bags to pick up on the wharf and load into the railroad cars. It was likewise admitted that defendant’s duty was fulfilled when it completed loading all of the sugar thus pointed out. The chief checker of the American Sugar Refining Company, who was on the wharf when defendant completed the loading of the freight cars, stated that as far as he knew defendant removed from the wharf and loaded into the cars all sugar belonging to American Sugar Refining Company.
Whether defendant contracted to handle and load 3443 bags, as plaintiff contends, or whether defendant undertook to handle and load only such sugar as was pointed out to it and identified as belonging to American Sugar Refining Company, makes no difference, for in either event we fail to see how there could be any liability in defendant. There is no doubt that all of the bags which had been segregated as belonging to plaintiff were loaded into the freight cars by defendant. While the stevedore had. instructions to stack the bags consigned to plaintiff in specifically designated bays, and to separate them from other sugar on the dock; it has not been shown that 3443 bags actually were placed in the designated bays, or that this number of bags were set apart as being the sugar consigned to plaintiff. Cieutat, plaintiff’s checker, admitted, on cross examination, that he checked the sugar at the scales, but that neither he nor any of plaintiff’s representatives followed the employees of the stevedore to see that the bags were stacked in the-proper place, and that it was possible that sugar coming off the vessel could have been placed into the wrong pile.
The theory of plaintiff’s case is, and plaintiff contends, that the duty rested upon defendant to have counted the bags, and to have made certain that 3443 bags were taken from the wharf and placed into the freight cars. We cannot agree with this contention. When defendant was engaged to handle the shipment (which was before the arrival of the vessel), it was given only an estimate as to the number of bags of sugar expected to arrive, and this estimation was given so that defendant could make proper ■ provision for the necessary labor and the requisite number of freight cars. Defendant made these arrangements, and all of the bags segregated as belonging to plaintiff, and identified and pointed out as being plaintiff’s were loaded into the cars and consigned to the American Sugar Refining Company. The evidence convinces us that this was all defendant was required to do under its contract, and that defend *448 ant’s duties were fulfilled in the usual and customary manner prevailing at this port.
For the above reasons, the judgment appealed from is affirmed.
Affirmed.